UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICOLAS G. RODRIGUEZ, )
           Plaintiff, )
           v. )
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
           Defendant. )

Case No.: C08-0756 CRD

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

Plaintiff Nicolas Rodriguez appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") who denied his application for Supplemental Security Income ("SSI") disability benefits under Title XVI of the Social Security Act ("SSA" or the "Act"), 42 U.S.C. sections 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court AFFIRMS in part and REVERSES in part the Commissioner's decision.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a fifty-one-year-old man, forty-seven years old at the alleged disability onset date. He has a high school equivalent education and work experience as an industrial cleaner. Plaintiff applied for SSA benefits in September 2004 alleging disability since June 1999[1] due to

---
[1] Plaintiff has since amended his onset date to the date of his application, September 9, 2004 and abandoned his Title II application. Dkt. 14 at 1.

ORDER - 1

pain, diabetes, depression, anxiety, and a sleep disorder. His claim was denied initially and upon reconsideration, and he timely requested an ALJ hearing.

A *de novo* hearing before ALJ Alexis was held on October 16, 2006. The ALJ heard testimony from Plaintiff, who was represented by counsel, David Oliver, Esq. Administrative Record ("AR") at 417-57. The ALJ rendered an unfavorable decision on November 14, 2006, finding Plaintiff not disabled. Plaintiff requested review by the Appeals Council and review was denied, rendering the ALJ's second decision the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 422.210 (2006). On May 22, 2008, Plaintiff initiated this civil action for judicial review of the Commissioner's final decision.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. sections 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. section 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 402 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

## IV. THE DISABILITY EVALUATION

As the claimant, Mr. Rodriguez bears the burden of proving that he is disabled within the meaning of the Social Security Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999)

(internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id*. If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.

Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[2] In the present case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of the disability. AR at 13, Finding 2. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). In this case, the ALJ found Plaintiff has the severe impairments of chronic low back pain, insulin dependent diabetes mellitus, frozen left shoulder, depression, and anxiety. AR 14, Finding 3. If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration

---

[2]Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

requirement is disabled. *Id*. In this case the ALJ found that Plaintiff's impairments did not meet or equal the requirements of any listed impairment. AR 17, Finding 4.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The ALJ in this case found Plaintiff has the residual functional capacity to:

> [L]ift and/or carry 20 pounds occasionally and 10 pounds frequently. He can stand and/or walk for 6 hours in an 8-hour workday provided he can alternate between sitting and standing as needed. The claimant can sit for 6 hours in an 8-hour workday. He can perform squatting, bending, and stooping on an occasional basis. The claimant can reach overhead with his left arm on an occasional basis. He can understand, remember, and follow 1 and 2 step instructions. The claimant can learn new tasks, exercise judgment, and make decisions. He is limited to superficial interaction with the general public and should have limited interaction with coworkers and supervisors.

AR 17, Finding 5.

The ALJ found that Plaintiff is unable to perform any of his past relevant work based on this RFC. 20, Finding 6. If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, the burden shifts to the Commissioner at step five to show the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, the claimant is found disabled and benefits may be awarded. In this case, the ALJ found that Plaintiff could perform work commensurate with his RFC including such as a small products assembler or as an electronics assembler. AR 21. The ALJ therefore concluded Plaintiff was not disabled as defined in the SSA. AR 22.

///

///

///

# V. ISSUES ON APPEAL

Plaintiff presents the following principal issues on appeal:

1. Should the case be remanded to consider new evidence of sleep apnea?
2. Did the ALJ err in evaluating the medical opinion evidence?
3. Did the ALJ err in determining jobs Plaintiff could perform?

Dkt. No. 14.

# VI. DISCUSSION

*A.  New Evidence Regarding Sleep Apnea*

At step two, the ALJ found sleep apnea is not among Plaintiff's medically determinable impairments. AR 16. Plaintiff does not dispute the ALJ's finding based on the evidence available at the time of the decision; however, he asserts that remand is necessary to consider new evidence of sleep apnea. Dkt. 14 at 16. On April 11, 2007, six months after the ALJ hearing, Plaintiff underwent testing that determined he has "severe obstructive and central sleep apnea, worse in REM sleep, and associated with moderate to severe oxyhemoglobin desaturations." AR 368. Plaintiff asserts this new evidence supports his allegation that he suffered from sleep apnea during the alleged disability period.

Defendant argues remand is not warranted because the new evidence is not "material" as it does not have a reasonable possibility of changing the outcome of the ALJ's determination according to the standard in *Booz v. Secretary of Health & Human Services*, 734 F.2d 1378, 1380 (9th Cir. 1984). Defendant also argues Plaintiff must show good cause for failing to provide the evidence earlier, under *Mayes v. Massanari*, 276 F.3d 453, 462-63 (9th Cir. 2001). Plaintiff argues a separate showing of good cause is not required because the Appeals Council considered the evidence and it is part of the record before this Court.

In denying review, the Appeals Council considered the new evidence noting, "[t]he Administrative Law Judge decided your case through November 14, 2006, the date of the decision, with respect to the claim for supplemental security income (title XVI)" and concluded that, "[t]he new information submitted reflects your medical condition at a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before

November 14, 2006." AR 31-32. The Council further explained: "[i]f you want us to consider whether you were disabled after November, 14, 2006, you need to apply again. We are returning the evidence to you to use should you file a new claim." *Id.* at 32. In *Mayes*, new evidence was submitted to the Appeals Council, which found that the evidence was not relevant to whether Mayes had been disabled before the ALJ's decision. Upon federal review, the *Mayes* court found there was substantial evidence supporting the ALJ's decision and the new evidence of a later diagnosis was not "good cause" to remand the case; however, in that case the condition alleged was not in dispute at the time of the hearing. *Mayes*, 276 F.3d at 462-63.

The Court notes that the new evidence is part of the record on review for determination of whether the ALJ's decision is supported by substantial evidence. *See Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993); *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000). The Court finds the ALJ's decision is supported by substantial evidence, based on the evidence available at the time of the decision. However, the Court finds the new conclusive evidence of severe sleep apnea is sufficient good cause for remand in light of (1) the ALJ's particular reason for not finding sleep apnea severe (the lack of a sleep study), and (2) Dr. Nevin's diagnosis of possible obstructive sleep apnea in May 2006, and other references in the record to Plaintiff's fatigue.[3] AR 16. The Court also finds good cause exists because, if Plaintiff reapplies for SSI as explained by the Appeals Council, he would at most be eligible to show he had sleep apnea after the ALJ's November 2006 decision and not the full period of alleged disability.

The Court also finds the new evidence is material. There is a reasonable possibility the outcome of the ALJ's determination would change given that the ALJ specifically noted the reason he found sleep apnea was not among Plaintiff's severe impairments was because there was no sleep study data. Considering Dr. Nevin's diagnosis of possible sleep apnea and the test results confirming sleep apnea, there is a reasonable possibility the ALJ would have decided differently and found sleep apnea a severe impairment. On remand, the ALJ will have the

---

[3] With respect to sleep apnea, the ALJ found, "Dr. Nevin assessed possible obstructive sleep apnea on May 25, 2006, and the claimant was anticipating undergoing a sleep study. There is no confirmation that this occurred and absent the results of such a study, I find that obstructive sleep apnea is not a medically determinable impairment." AR 16.

opportunity to consider the new evidence and determine whether it changes the outcome of her prior decision. The Court finds the ALJ's decision is supported by substantial evidence, and remands for the sole purpose of considering the new evidence. The ALJ's decision is otherwise affirmed.

> B. *The ALJ did not err in evaluating the medical opinion evidence.*

Plaintiff asserts that the ALJ erred in rejecting the opinions of Dr. Nevin and Dr. Stoddard, and in improperly considering the opinions of the state agency medical consultants.

First, Plaintiff argues the ALJ did not give sufficient reasons for rejecting Dr. Nevin's December 2005 opinion that Plaintiff was unable to perform even sedentary work. Dkt. 14 at 17-19, 226-30. Dr. Nevin is a treating physician who saw Plaintiff from August 2004 through May 2006. On December 29, 2005, Dr. Nevin opined that Plaintiff was unable to perform even sedentary work due to lumbar degenerative joint disease, chronic sciatica, and left frozen shoulder. AR 226-30. To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir.1995); *Magallanes*, 881 F.2d at 751-55. If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Id.* The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof and making findings. *Magallanes*, 881 F.2d at 751 (internal citations omitted). The rejection of an opinion of a treating physician based in part on the testimony of a nontreating, nonexamining medical advisor may be upheld. *Morgan v. Commissioner*, 169 F.3d 595, 602 (9th Cir. 1999), citing *Magallanes*, 881 F.2d at 751-55; *Andrews*, 53 F.3d at 1043; *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995).

In this case the ALJ assigned little weight to Dr. Nevin's December 2005 opinion that Plaintiff was severely limited (AR 242) because in September 2005 Dr. Nevin reported that he had a full range of motion in all joints and no sign of arthritis, and noted that his complaints might be due to muscle pain. AR 246. The ALJ also noted that subsequent reports showed that

a straight leg raise was negative (AR 311) and that Dr. Nevin's treatment notes do not support a finding that Plaintiff is severely limited. AR 241, 301, 309.

The Court finds the ALJ's reasons for giving Dr. Nevin's December 2005 opinion little weight, specific and legitimate. The ALJ cited Dr. Nevin's reports occurring before and after the December 2005 report and found them inconsistent. This is a legitimate concern given that Plaintiff alleges disability originally from 1999, later amended to 2004. Dr. Nevin's report goes from "none" to "severe" in three months, appearing inconsistent with a finding of disability.

Plaintiff next asserts the ALJ did not give specific and legitimate reasons for rejecting the opinions of treating psychologist, Dr. Stoddard. The ALJ gave "very little weight" to a psychological evaluation form completed by Staci Sprout, LICSW, and Dr. Stoddard. AR 20, 232-35. The ALJ gave report little weight because,

> [T]he limitations they opined are not consistent with the claimant's performance on mental status examination or his actual functioning as demonstrated by his activities. They indicate that the claimant last worked in 1994, which is not correct. It is clear that the limitations they opined were largely based on the claimant's subjective report, which is not entirely credible (Exhibit 11F). Dr. Stoddard performed an initial assessment on December 22, 2004 and assessed the claimant's GAF at 35 to 40. This was also based on the claimant's self report given that there is no evidence that she performed a mental status evaluation. I note that the claimant was actually working as an apartment manager at that time, which is inconsistent with the degree of functional limitation Dr. Stoddard opined.

AR 20.

Plaintiff does not assert any specific argument supporting the ALJ's alleged error with the above reasons. Dkt. 14 at 20. The Court finds the ALJ's reasoning that the reports were based on Plaintiff's subjective reports and that the reports and opinions were inconsistent with Plaintiff's degree of functioning given that he was working as an apartment manager at the time, specific and legitimate and based on substantial evidence in the record. Accordingly, the Court assigns no error.

Plaintiff next asserts the ALJ improperly considered the opinions of the state agency medical consultants. Consultant Renee Eisenhaur, Ph.D., found Plaintiff could perform both simple and detailed tasks, and noted that due to his history of antisocial acts such as assaults, he

might be resistant to instruction from authorities and would perform better on tasks that were independent in nature. AR 145-48. Consultant Alex Fisher, Ph.D., subsequently reviewed the report and concurred. The ALJ gave the opinion "significant weight." AR 20. The ALJ found Plaintiff limited to superficial interaction with the general public and limited interaction with coworkers and supervisors. AR 17. Plaintiff argues that this limitation is not the same as the state agency consultants' limitation. Dkt. 14 at 20. The Court does not agree. The ALJ's limitation to superficial interaction with the general public and limited interaction with coworkers and supervisors accounts for Plaintiff's need to work more independently, as the consultants opined. Plaintiff further argues that the job description of an electronics assembler states, "frequently works at a bench as member of assembly group assembling one or two specific parts and passing unit to another worker" but that Plaintiff would not be able to perform such work. Again, the Court does not agree. Neither the state agency consultants, the vocational expert, nor the ALJ found Plaintiff must work in total isolation. Passing parts to the next worker in an assembly line provides for Plaintiff's need for independent work with limited public interaction and limited involvement in coworker interactions.

   *C. The ALJ did not err in determining what jobs Plaintiff could perform.*

   Plaintiff asserts that the ALJ erred in finding jobs that exist in significant numbers in the national economy. At the final step of the disability analysis, the ALJ elicited vocational expert testimony to identify work Plaintiff can perform. The vocational expert found that based on Plaintiff's RFC, he could perform the job of small products assembler and electronics accessories assembler, of which 240 jobs exist in Washington state and 12,000 in the national economy. AR 21. Plaintiff argues these numbers are not a significant number of jobs; Defendant argues the numbers are significant. The parties agree that in the Ninth Circuit, there is no bright line as to the number of jobs that are significant. In *Barker v. Secretary of Health and Human Services*, 882 F.2d 1474 (9th Cir. 1989), the court noted:

> This Circuit has never clearly established the minimum number of jobs necessary to constitute a "significant number." In *Martinez v. Heckler*, 807 F.2d 771, 775 (9th Cir.1986), the court upheld the ALJ's finding that 3,750 to 4,250 jobs were a significant number. The Sixth Circuit has found that 1,350 jobs in the local

economy constituted a significant number. *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir.1988). The Eighth Circuit has held that as few as 500 jobs were a significant number. *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir.1988). Decisions by district courts within this circuit are also consistent with the Secretary's finding in this case. *See, e.g., Salazar v. Califano, Unemp.Ins.Rep.* (CCH, para. 15,835)*1479 (E.D.Cal.1978) (600 jobs is significant number); *Uravitch v. Heckler*, CIV-84-1619-PHX-PGR, slip op. (D.Az. May 2, 1986) (even though 60-70% of 500-600 relevant positions required experience plaintiff did not have, remaining positions constitute significant number).

*Id*. at 1478-79.

Absent authority to the contrary, this Court finds the ALJ did not err in finding the numbers of small products and electronics accessories assembler positions significant.

Plaintiff also argues the vocational expert's testimony is inconsistent with the Dictionary of Occupational Titles ("DOT") because the expert testified the assembler position was very seldom cooperative and therefore could be performed with limited coworker interaction; however, the DOT describes the job as working as a member of an assembly group, assembling parts and passing a unit to another worker. The expert testified an assembler worked in the vicinity of coworkers but the actual work performed was only very seldom cooperative. AR 451. The Court does not find conflict between the DOT description and the expert's explanation of the job, both of which are consistent with ALJ's finding that Plaintiff is capable of only limited interaction with coworkers. As the vocational expert explained, working as a member of an assembly group, assembling parts and passing them to another worker is not inconsistent with limited coworker interaction. Therefore, the ALJ's conclusion is supported by substantial evidence in the record and is therefore not in error.

## VII. CONCLUSION

For the reasons set forth above, the Commissioner's decision is AFFIRMED in part and REVERSED in part and the case is REMANDED for further administrative proceedings consistent with the above.

DATED this 17th day of November, 2008.

Carolyn R. Dimmick
United States District Judge